## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHANE LEON SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. 09-CV-0700-CVE-TLW** |
| | ) | |
| GREG PROVINCE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner

Shane Leon Scott, a state prisoner appearing pro se.  Respondent filed a response[1] to the petition

(Dkt. # 8, Ex. 1), and provided the state court record necessary for resolution of Petitioner's claims

(Dkt. ## 5, 6, 7, and 8). Petitioner filed a reply (Dkt. # 9).  For the reasons discussed below, the

Court finds the petition for writ of habeas corpus shall be denied.

### BACKGROUND

On December 28, 2004, around 6:00 p.m., Oklahoma Highway Patrol Trooper Michael

Rodriguez effected a traffic stop on the Will Rogers Turnpike in Craig County. The driver, Jaime

Flores[2] was initially given a warning ticket for making an unsafe lane change and failing to signal

the lane change when approaching the toll gate. Petitioner was a passenger in the front seat of the

---

[1]    Respondent filed his original response as Docket # 5. However, due to errors in the main document and two of the exhibits, Respondent filed corrected documents as Docket # 8.

[2]    Mr. Flores is referred to in several pleadings and in the state court orders as "Jamie" Flores. However, at the evidentiary hearing held on March 19, 2007, Mr. Flores testified that the correct spelling of his name is J-A-I-M-E. <u>See</u> Dkt. # 7-10, Trans. Evid. Hr'g at 4.

Dodge Durango SUV driven by Flores.  While writing the warning ticket and conversing with Flores, Trooper Rodriguez began to suspect that Flores was involved in some type of criminal activity.  Both Trooper Rodriguez and his partner, Trooper Stanley Rodenbeck, were assigned to Troop SO (Special Operations) and had received extensive training in criminal interdiction. Among other things, Trooper Rodriguez noted that the spare tire on the back of the SUV was dirty even though the vehicle was fairly new. Further, he was told through radio contact that a record check on the driver revealed that Flores had a previous felony drug conviction. Trooper Rodriguez radioed his partner for assistance, and asked Flores if he could search the vehicle. Flores consented to the search and Petitioner joined him to wait in the trooper's car while Trooper Rodriguez and Trooper Rodenbeck conducted a search. Flores and Petitioner were handcuffed for the safety of the officers. While the troopers were searching the vehicle, the entire conversation between Flores and Petitioner was recorded because the trooper's car was wired for sound. In full view of the video cam in Trooper Rodriguez' car, the troopers discovered over twenty-seven pounds of marijuana, in brick form, hidden in the spare tire of Flores' vehicle.

As a result of these events, Flores and Petitioner were charged in separate cases with felony counts of Trafficking in Illegal Drugs -Marijuana (Count I), and Failure to Affix a Marijuana Tax Stamp (Count II).[3] After the preliminary hearing in Craig County District Court, Case No. CF-2005-003, Count II against Petitioner was dismissed. A jury trial was held in Petitioner's case on February 27, 2006. Petitioner was found guilty on Count I, and the jury recommended punishment of ten (10)

---

[3]     On May 17, 2006, in Craig County District Court, Case No. CF-2005-004, Mr. Flores pled guilty and received a sentence of ten years, with all but three years suspended. See www.odcr.com.

years imprisonment and a $50,000 fine. The judge sentenced Petitioner in accordance with the jury's

recommendation on May 29, 2006. Petitioner was represented by James Harvey at trial.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA).

Represented on appeal by attorney James L. Hankins, Petitioner raised five (5) propositions of error

in OCCA Case No. F-2006-1257, as follows:

| | |
|---|---|
| Proposition I | The State failed to present evidence sufficient to establish that Scott had either guilty knowledge of the marijuana or exercised dominion and control over the marijuana sufficient to show legal possession. |
| Proposition II | The denial of Scott's motion for continuance by the trial court prevented Scott from presenting exculpatory evidence and thus deprived Scott of due process of law under the Fourteenth Amendment to the United States Constitution and Article II, Section 7 of the Oklahoma Constitution. |
| Proposition III | Evidentiary harpoons by Trooper Rodriguez and introduction of the "Booking Page" in this case violated the right of Scott to a fundamentally fair trial in violation of Article II, Section 7, of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution. |
| Proposition IV | Prosecutorial misconduct in invoking societal alarm and giving a personal opinion on the guilt of the accused rendered Scott's trial fundamentally unfair in violation of Article II, Section 7, of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution. |
| Proposition V | The cumulative effect of the legal errors in this case acted in concert to deprive Scott of a fundamentally fair trial in violation of Article II, Section 7, of the Oklahoma Constitution and the Fourteenth Amendment to the United States Constitution. |

See Dkt. # 8, Ex. 2. Contemporaneously with the filing of his appellate brief, Petitioner filed a

motion to supplement the record on appeal and sought an evidentiary hearing on his claim of

ineffective assistance of trial counsel. See Dkt. # 8, Ex. 3. By Order filed March 3, 2008, the OCCA

remanded the matter to the trial court for an evidentiary hearing on Petitioner's claim that his trial

3

counsel was ineffective for failing to secure the attendance of co-defendant Jaime Flores at Petitioner's trial. See Dkt. # 5, Ex. 5. The trial court conducted an evidentiary hearing on March 19, 2008, and found that Petitioner did not meet his burden of proving that trial counsel was ineffective. See Dkt. # 5, Ex. 6 at 2-3. Thereafter, in an unpublished summary opinion filed June 23, 2008, the OCCA rejected the claims raised on direct appeal and affirmed the judgment and sentence of the trial court.[4] (Dkt. # 5, Ex. 9).

On November 7, 2008, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 1 at 3. He raised the following three grounds of error:

Ground 1:     Actual innocence.

Ground 2:     Illegal traffic stop and search.

Ground 3:     Ineffective trial and appeal counsel.

Id. The trial court denied post-conviction relief on June 12, 2009.[5] See Dkt. # 5, Ex. 10. Petitioner appealed (Dkt. # 5, Ex. 11). By order filed June 30, 2009, in Case No. PC-2009-310, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 5, Ex. 13.

Petitioner filed his federal habeas corpus petition on October 28, 2009 (Dkt. # 1), identifying the following grounds of error:

Ground 1:     Actual innocence, insufficient evidence.

---

[4]     Judge Chapel dissented from the majority, stating: "I would reverse with instructions to dismiss as the evidence was insufficient." See Dkt. # 5, Ex. 9 at 5.

[5]     The "Amended Order Denying Defendant's Application for Post-conviction Relief" states that Petitioner added an additional ground for relief in an amendment to his application filed November 25, 2008. See Dkt. # 5, Ex. 10. The additional fourth ground questioned the disparity in the sentence received by Petitioner as compared to the sentence that the driver of the vehicle received. Id. at 5. In his petition for habeas relief, Petitioner does not list this fourth ground as having been raised on post-conviction. See Dkt. # 1 at 3.

4

Ground 2:       Illegal traffic stop and illegal search.

Ground 3:       Ineffective assistance of trial and appeal counsel.

Ground 4:       Fifth Amendment violation - Failure to Mirandarize [sic].

See Dkt. # 1.  In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).  See Dkt. # 8, Ex. 1.

### *ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his first three grounds to the OCCA on direct appeal and post-conviction.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied as to those claims. His ground four claim has not been presented to the OCCA and is subject to an "anticipatory procedural bar."[6]

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Adjudication by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable

---

[6]     An "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007).

application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

To the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding and not procedurally barred, his claims shall be reviewed pursuant to § 2254(d).

## 1.    Actual innocence, insufficient evidence (ground 1)

Petitioner claims in his first ground for relief that he is innocent because the drugs were found in a rented vehicle, driven by his co-defendant who picked him up, and he did not know the drugs were in the vehicle. He also claims there was insufficient evidence to support his conviction for Trafficking in Marijuana. Citing Carolina v. State, 839 P.2d 663, 665 (Okla. Crim. App. 1992), the OCCA determined on direct appeal that "the evidence was sufficient to prove beyond a reasonable doubt that Appellant had knowledge and control of the marijuana in the spare tire." See Dkt. #5, Ex. 9 at 2.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the

6

essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319

(1979). "This standard of review respects the jury's responsibility to weigh the evidence and to

draw reasonable inferences from the testimony presented at trial." <u>Dockins v. Hines</u>, 374 F.3d 935,

939 (10th Cir. 2004) (citing <u>Jackson</u>, 443 U.S. at 319). In other words, it "impinges upon 'jury'

discretion only to the extent necessary to guarantee the fundamental protection of due process of

law." <u>Jackson</u>, 443 U.S. at 319.

Upon review of the evidence in the light most favorable to the prosecution, the Court finds

sufficient evidence supported the conviction of Trafficking in Illegal Drugs - Marijuana. To convict

Petitioner of this crime, the State had to prove beyond a reasonable doubt that Petitioner knowingly

possessed twenty-seven and 3/4 pounds of marijuana. <u>See</u> Dkt. # 7-11 at 85, Instruction No. 16.

Further, the jury was instructed that Oklahoma law recognizes two kinds of possession - actual

possession and constructive possession. <u>Id.</u> at 88, Instruction No. 19. A person who knowingly has

the power and intention at a given time to exercise dominion or control over something is in

constructive possession of it, although not in actual possession. <u>Id.</u> Trooper Rodriguez testified that

the videotape demonstrates that both Flores and Petitioner became increasingly upset as the troopers

narrowed their search to the spare tire. <u>See</u> Dkt. # 7-6 at 283-84. The videotape confirms that

testimony. <u>See</u> Dkt. # 7-12. Further, although Flores and Petitioner indicated they were headed for

the Chicago area to work on a cell tower, the rental car agreement showed that the car was rented

for only two days. Neither had packed clothes appropriate for working outdoors on a winter day in

Chicago. Finally, Petitioner can be heard on the videotape telling Flores that he would have to help

bail him out, even before the troopers discovered the bricks of marijuana in the tire. <u>Id.</u> The jury

could reasonably have determined from the "tone and substance of the audio recording" that

Petitioner knew of the drugs hidden in the spare tire. See e.g., United States v. Triana, 477 F.3d 1189, 1195 (10th Cir. 2007). Petitioner's claim that the State did not produce sufficient evidence for his conviction is without merit.

The Court concludes that the evidence was sufficient to support Petitioner's conviction, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, Supreme Court law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts in light of the evidence presented at trial, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this claim.

To the extent Petitioner raises an actual innocence claim as a separate issue, that issue was rejected by the state courts in post-conviction proceedings. The OCCA agreed with the trial court's finding that any issue related to Petitioner's actual innocence claim was resolved by the direct appeal of Petitioner's conviction. See Dkt. # 5, Ex. 13. Both the trial court and the OCCA found no merit to Petitioner's claim. In addition, "[t]o establish actual innocence of a crime, one 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' absent a constitutional error." Black v. Workman, 682 F.3d 880, 915 (10th Cir. 2012) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Petitioner has not made the necessary showing and has not demonstrated entitlement to habeas relief on this part of his ground one claim.

8

## 2.    Ineffective assistance of trial and appellate counsel (ground 3)

In the first part of his third ground for relief, Petitioner argues that his trial counsel was ineffective for failing to take the necessary actions to have co-defendant Jaime Flores available to testify at Petitioner's trial. He contends that Flores' testimony "was vital showing that [Petitioner] had no knowledge of the drugs." Dkt. # 1 at 6. The OCCA rejected this ineffective assistance of trial counsel claim in its Summary Opinion, entered after the district court held an evidentiary hearing, and found as follows:

> Filed simultaneously with the direct appeal brief is a *Motion to Supplement the Record on Appeal and for Evidentiary Hearing on Claim of Ineffective Assistance of Trial Counsel.* Pursuant to Rule 3.11(B)(3)(b), *Rules of the Court of Criminal Appeals*, 22 O.S. 2001, Ch. 18, App., Appellant seeks supplementation of the record with an affidavit from Flores and an evidentiary hearing on the claim of ineffective assistance of counsel due to counsel's failure to secure the attendance of Flores at trial. Having reviewed Appellant's claims under the standard set forth in Rule 3.11, we found sufficient evidence was set forth showing a strong possibility trial counsel was ineffective for failing to secure Flores' attendance at Appellant's trial. We remanded the matter to the trial court for an evidentiary hearing on the claim raised in Appellant's motion. After reviewing the trial court's timely filed Findings of Fact and Conclusions of Law and the parties' supplemental briefs, we find Appellant has failed to rebut the strong presumption that counsel's conduct was professionally reasonable and that he was denied a fundamentally fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064-65, 80 L.Ed2d 674 (1984). *See also Lott v. State*, 2004 OK CR 27, ¶ 50, 98 P.3d 318, 337.
>
> . . .
>
> The record clearly supports the trial court's finding that Flores would probably have taken the Fifth Amendment if called to testify at Appellant's trial. Even if Flores had testified in Appellant's case, the record indicates he was not a credible witness whose testimony was inconsistent at the evidentiary hearing, inconsistent with his sworn affidavit accompanying the motion for an evidentiary hearing and inconsistent with Appellant's version of events.

See Dkt. # 5, Ex. 9 at 3-4.

Claims of ineffective assistance of trial counsel are analyzed under the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

Petitioner contends that if his trial counsel had made proper arrangements to have Jaime Flores available to testify, his testimony would have changed the results of Petitioner's trial. Flores' testimony at the evidentiary hearing held before the district court does not support Petitioner's argument. As noted by the OCCA, Flores' testimony lacked credibility. See Dkt. # 7-10, Trans. Evid. Hr'g at 16 ("I didn't know anything about them drugs."); 17 (he had an idea that drugs were

in the rental car); 41 ("I don't do drugs, sir."); 42 (admitted that when he was 20 he "got caught with a little joint"); and 46 (admitted that he had three prior drug charges and had a "history of being involved with drugs"). Contrary to his evidentiary hearing testimony, Flores stated in his affidavit attached to Petitioner's motion to supplement the record on direct appeal that, "Shane L. Scott was truly innocent of any crime charged as predicated upon my actions (I knew I was performing illegal acts, Shane didn't)." <u>See</u> Dkt. # 5, Ex. 2 at 5. Further, because Petitioner's trial preceded Flores' guilty plea, his attorney would have urged Flores to take the Fifth Amendment if called to testify for Petitioner. Petitioner's trial attorney testified at the evidentiary hearing that he had spoken to Flores' attorney and was told that Flores would invoke the Fifth Amendment if "called to testify under subpoena or otherwise at trial." <u>See</u> Dkt. # 7-10, Trans. Evid. Hr'g at 51.

The Court concludes that the OCCA's decision was not contrary to, or an unreasonable application of <u>Strickland</u>, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on this portion of his ground three claim.

Next, Petitioner states that his trial and appellate counsel were ineffective for failing to raise an issue that the search of the rental vehicle was illegal. The district court denied post-conviction relief on this claim, finding as follows:

> The court finds, from a review of the Preliminary Hearing and Trial Transcripts, that no evidence exists to support the contention that the initial stop was unlawful, or that the consent for search was not freely and voluntarily given, or that the search exceeded the bounds of consent, or that the contraband was seized illegally, or that the test was inaccurate, or that there was not probable cause to arrest and charge the vehicle's occupants with a felony.

> The court further finds that under the decision in <u>Strickland</u>, the Petitioner has the burden of establishing both that counsel unreasonably failed to find a non-frivolous issue for appeal, and that the failure to discover it resulted in prejudice to the

11

> Petitioner. It must be shown that but for counsel's errors, there is a reasonable
> probability that the outcome would have been different. <u>Strickland v. Washington</u>,
> 466 U.S. 668, 104 S.Ct. 2052 (1984).

<u>See</u> Dkt. # 5, Ex. 10 at 4-5. The court went on to conclude that "Appellate Counsel raised all

legitimate issues supported by the evidence, and was not ineffective as Appellate Counsel." <u>Id</u>. at

5.

On post-conviction appeal, the OCCA affirmed the district court's denial of relief. In

addressing Petitioner's claims of ineffective assistance of trial counsel, the OCCA first stated that:

> Applying the proper standard set forth in *Strickland v. Washington*, 466 U.S. 668,
> 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692-692 (1984), Judge Clanton found no
> merit to Petitioner's claims of ineffective assistance of trial and appellate counsel.

<u>See</u> Dkt. # 5, Ex. 13 at 2. The OCCA also stated that "[a]ny allegations as to trial counsel's

ineffectiveness have been waived as this is an issue which could have been raised on direct appeal."

<u>Id.</u> (citation omitted).  In light of the thorough analysis by the state district court coupled with the

ambiguity of the OCCA's order, the Court finds it more efficient to deny this claim of ineffective

assistance of trial counsel on the merits, rather than deny it on a procedural basis. <u>See</u> <u>Romero v.

Furlong</u>, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address procedural bar "because the

case may be more easily and succinctly affirmed on the merits").

Petitioner argues in his reply that the search of the vehicle was illegal because he was not

allowed to deny the search request (Dkt. # 9 at 8). Citing <u>Brendlin v. California</u>, 551 U.S. 249

(2007), Petitioner claims that, as a passenger, he was entitled to challenge the search under the

Fourth Amendment. However, the <u>Brendlin</u> case was decided after Petitioner's trial in February,

2006. Thus, trial counsel's representation was not ineffective for failing to predict future Supreme

Court law. <u>See</u> <u>Bullock v. Carver</u>, 297 F.3d 1036, 1052 (10th Cir. 2002) (noting that "clairvoyance

12

is not a required attribute of effective representation"). Further, in <u>Rakas v. Illinois</u>, 439 U.S. 128, 148-49 (1978), the Supreme Court determined that a passenger has no reasonable expectation of privacy in a car that would permit the passenger's Fourth Amendment challenge to the search of the car. The voluntary consent by Flores, as driver of the rented vehicle, validated the search and "dooms [Petitioner's] basic quarrel with the search itself." <u>United States v. Lewis</u>, 24 F.3d 79, 81 (10th Cir. 1994). Because Petitioner's consent was not necessary and Flores did consent to the search, the troopers' search of the vehicle was not illegal. Accordingly, Petitioner has failed to demonstrate that but for trial counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. <u>Hawkins v. Hannigan</u>, 185 F.3d 1146, 1152 (10th Cir. 1999). He has not satisfied the <u>Strickland</u> standard. For that reason, habeas relief shall be denied on this portion of Petitioner's ineffective assistance of trial counsel claim.

The OCCA also addressed Petitioner's claim of ineffective assistance of appellate counsel for failing to raise a claim that the search of the vehicle was illegal. The OCCA rejected the claim, finding as follows:

> As for Petitioner's claim that he was denied effective assistance of appellate counsel, the record does not support this claim. Petitioner complains appellate counsel did not raise issues he believes should have been raised on direct appeal. Failure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit.

<u>See</u> Dkt. # 5, Ex. 13 at 2. The OCCA's statement that appellate counsel "is not required to advance every cause of argument regardless of merit" deviates from the controlling federal standard. <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an

appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of Petitioner's allegation of ineffective assistance of appellate counsel deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze de novo Petitioner's claim of ineffective assistance of appellate counsel for failing to challenge the legality of the vehicle search.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995), abrogated on other grounds by Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins, 185 F.3d at 1152. "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citation omitted).

In this case, the Court examined the underlying issue in the foregoing paragraph on ineffective assistance of trial counsel and concluded that the vehicle search was not illegal because

14

the driver of the vehicle consented to the search. Because the omitted issue is meritless, appellate counsel's failure to raise it does not amount to constitutionally ineffective assistance. Hawkins, 185 F.3d at 1152.  For that reason, the Court finds Petitioner has failed to demonstrate entitlement to relief on his claim of ineffective assistance of appellate counsel for failing to challenge the legality of the vehicle search.

**C.      Procedural bar**

In ground two, Petitioner alleges that the traffic stop was illegal, and the search of the vehicle without Petitioner's consent was also illegal. In ground four, he contends that he was not read his Miranda[7] rights before making certain recorded statements in the trooper's vehicle which were presented as evidence at trial. Neither of these claims was raised on direct appeal. For the reasons discussed below, the Court finds both claims are procedurally barred.

**1.      Illegal traffic stop and search (ground 2)**

As he did on post-conviction, Petitioner claims that the initial traffic stop was illegal, as was the search of the rental vehicle in which Petitioner was a passenger.[8]  The district court found that this proposition of error could have been raised on direct appeal, but was not. See Dkt. # 5, Ex. 10 at 2. The OCCA agreed, finding that all issues not raised in the direct appeal, which could have been raised, are waived. See Dkt. # 5, Ex. 13 at 2.

---

[7]     Miranda v. Arizona, 384 U.S. 436 (1966) (finding that statements made by a defendant during custodial interrogation could not be used at trial unless the defendant was first advised of his right to remain silent, his right to an attorney, and that his statements may be used against him).

[8]     Notwithstanding the procedural posture of this claim, the Court analyzed the legality of the vehicle search in connection with Petitioner's ineffective of counsel claims discussed in section B(2), hereinabove.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).

In this case, the OCCA's procedural bar as applied to this claim was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The procedural bar was also "adequate" to preclude habeas corpus review. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002). Therefore, this Court may not consider Petitioner's procedurally barred claim unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of

justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply (Dkt. # 9), Petitioner argues the merits of the claim as if there were no procedural default.  Petitioner presents no argument to establish cause and prejudice for the default, nor does he attempt to overcome the procedural default by arguing a fundamental miscarriage of justice would result if the Court does not consider his claim. However, to the extent Petitioner asserts ineffective assistance of appellate counsel as "cause" to overcome the procedural bar, the Court has determined in Part B(2), above, that appellate counsel did not provide ineffective assistance in failing to challenge the search of the vehicle.  In addition, although Petitioner presents an ongoing argument that he is actually innocent of the crime for which he was convicted, he presents no new evidence to support that claim.  A claim of actual innocence requires "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  Petitioner has not met his burden of persuading the Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner has failed to demonstrate that he falls within either exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his ground two claim is not considered, the Court concludes that it is procedurally barred from considering the merits of this defaulted claim. Coleman, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on ground two.

2.      **Miranda** violation (ground 4)

In his fourth ground for relief, Petitioner claims that he was recorded without his knowledge while handcuffed and in custody in the backseat of the trooper's patrol car. He said he was not advised of his Miranda rights, in violation of the Fifth Amendment. See Dkt. # 1 at 7. Petitioner did not raise this claim on direct appeal, although he claims in his reply (Dkt. # 9) that he raised it as part of his motion for new trial. Despite Petitioner's claim, a careful review of the issues raised before the state appellate court reveals that Petitioner has never complained specifically that he was recorded without his knowledge in violation of his Fifth Amendment rights set forth in Miranda.[9] Accordingly, this portion of his claim is technically unexhausted and subject to an anticipatory procedural bar.

When a claim is not raised either on direct appeal or in a state post-conviction action, it is procedurally defaulted in federal court.  See Coleman, 501 U.S. at 735 n.1. This Court may not consider Petitioner's procedurally barred claim unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered.  See id., at 750; Demarest, 130 F.3d at 941-42. Petitioner has failed to present any argument demonstrating that he falls within an exception to the procedural bar rule. Accordingly, because he has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claim that his Fifth amendment rights were

---

[9]      The Court acknowledges that Petitioner argued in a pro se motion for a new trial that his trial counsel was ineffective for failing to raise a Miranda issue. See Dkt. # 7-11 at 101-107. However, the claim was never presented to the OCCA in either direct appeal or post-conviction proceedings.

18

violated because he was not read his <u>Miranda</u> rights before his comments were recorded in the trooper's vehicle. <u>Coleman</u>, 510 U.S. at 724. He is not entitled to habeas corpus relief on his ground four claim.

## D.    Certificate of appealability

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. <u>See Dockins v. Hines</u>, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record

19

is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### CONCLUSION

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.


**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  A separate Judgment shall be entered in this case. A certificate of appealability is **denied**.


**DATED** this 8th day of March, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE